Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONALD MEDINA, on behalf of himself and all other
persons similarly situated,

                Plaintiffs,                          **COMPLAINT**
    -against-

NERI'S BAKERY PRODUCTS, INC.,
DOMINIC NERI and PAUL NERI,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, RONALD MEDINA, on behalf of himself and all other persons similarly situated, by and through his attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

## **NATURE OF THE CLAIM**

       1.     Plaintiff brings this action against Defendants to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and to remedy discrimination in employment in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Administrative Code of the City of New York, 8-101 et seq. (the "City Human Rights Law").

       2.     Plaintiff also brings this behalf of himself and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid spread-of-hours pay

1

that Defendants owe them and similarly situated current and former employees of Defendants under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

6. Defendants do business in the State of New York, within the Southern District of New York.

## THE PARTIES

7. Plaintiff, RONALD MEDINA ("MEDINA" or "Plaintiff"), is a resident of the County of Bronx, State of New York.

8. Plaintiff is an adult male that was born in the Dominican Republic.

9. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

10. Plaintiff was employed by the Defendants as a mechanic from in or about January 2017 until in or about September 29, 2017.

11. Defendant, NERI'S BAKERY PRODUCTS, INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

12. At all relevant times, Defendant, NERI'S BAKERY PRODUCTS, INC., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000,

was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. At all times relevant, Defendant, NERI'S BAKERY PRODUCTS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14. Defendant, DOMINIC NERI, owns and/or operates NERI'S BAKERY PRODUCTS, INC.

15. Defendant, DOMINIC NERI, is the President or Chief Executive Officer of NERI'S BAKERY PRODUCTS, INC.

16. Defendant DOMINIC NERI is a shareholder of the Defendant NERI'S BAKERY PRODUCTS, INC.

17. Defendant, DOMINIC NERI, is active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

18. Defendant DOMINIC NERI, as a result of his position as manager and/or owner of the corporate defendants is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

19. Defendant DOMINIC NERI is an employer pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, and is jointly and severally liable with the corporate defendants.

20. Defendant, PAUL NERI, owns and/or operates NERI'S BAKERY PRODUCTS, INC.

21. Defendant, PAUL NERI, is the President or Chief Executive Officer of NERI'S BAKERY PRODUCTS, INC.

22. Defendant PAUL NERI is a shareholder of the Defendant NERI'S BAKERY PRODUCTS, INC.

23. Defendant, PAUL NERI, is active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

24. Defendant PAUL NERI, as a result of his position as manager and/or owner of the corporate defendants is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

25. Defendant PAUL NERI is an employer pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, and is jointly and severally liable with the corporate defendants.

## FACTS

26. Defendants are engaged in the manufacture of baked goods and sell more than 300 different varieties of bakery goods.

27. Upon information and belief, Defendants operate 24 hours per day, 7 days per week with approximately 270 full-time employees that work three daily shifts.

28. Plaintiff began working for Defendants maintaining and cleaning machines in January 2017.

29. Throughout his employment with Defendants, Plaintiff regularly worked more than 10 hours each day, six days a week. Plaintiff's one day off per week was initially Tuesday, but it later changed to Sunday.

30. Throughout his employment with Defendants, Plaintiff regularly worked in excess of forty hours per week. For example, for the period July 5, 2017 to July 11, 2017, Plaintiff's wage statement indicated that he worked a total of 64.23 hours; for the period August 16, 2017 to August 22, 2017, Plaintiff's wage statement indicated that he worked a total of 65.93 hours; and for the period September 6, 2017 to September 12, 2017, Plaintiff' wage statement indicated that he worked a total of 66.70 hours.

31. Defendants regularly paid Plaintiff at the rate of 1.5 times his regular hourly rate of pay of $10.00 for the overtime hours indicated on his wage statements. Plaintiff, however, worked additional overtime hours for which Defendants failed to pay him.

32. Plaintiff worked more than forty hours in most workweeks in which he was employed by the Defendants, but was not paid overtime compensation for all hours worked after forty hours per week.

33. Throughout his employment with Defendants, Plaintiff often worked in excess of ten hours in a single day.

34. Defendants regularly failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded ten hours in violation of 12 NYCRR §146-2.1.

35. Throughout Plaintiff's employment, he was supervised by Senior Supervisor Dagoberto Santos ("Santos").

36. Upon information and belief, Santos is of Honduran descent.

37. Santos expressed animus toward Plaintiff because he is from the Dominican Republic. He repeatedly said to Plaintiff, "*Over here, you're nothing*" and opined that people from the Caribbean are inferior.

38. On or about September 29, 2017, Defendants terminated Plaintiff's employment.

39. Defendants discriminated against Plaintiff on the basis of his race, ethnicity and national origin in violation of federal and local law.

40. Due to Defendant's discrimination, Plaintiff has suffered loss of employment and income and emotional harm and distress.

## CLASS ACTION ALLEGATIONS

41. At all times relevant, Plaintiff and Class Members have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

42. There are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the New York Labor Law. Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as his own interest in in bringing this action.

43. Plaintiff brings claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as hourly paid, manual workers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

44. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

45. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

46. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

47. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Plaintiff and Class Members worked ten or more hours in a single workday;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when their spread-of-hours exceeded ten;

(c) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members spread-of-hours pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(d) what was the nature and extent of the Class-wide injury; and

(e) what is the appropriate measure of damages for the Class.

48. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices

of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

49. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

50. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

51. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

52. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

53. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

54. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF

55. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

56. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of his employment on the basis of race/ethnicity in violation of 42 U.S.C. Section 1981.

57. As a result of Defendants' discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## SECOND CLAIM FOR RELIEF

58. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

59. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of his employment on the basis of race, ethnicity and national origin in violation of the City Human Rights Law.

60. As a result of Defendant's discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT)

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

63. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

65. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW UNPAID OVERTIME WAGES

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

68. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations.

69. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

70. Due to defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
## NEW YORK SPREAD-OF-HOURS PAY

71. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to pay Plaintiff and Class Members one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law §650 et seq. and 12 NYCRR §142-2.4.

73. Defendants' failure to pay spread-of-hours pay was willful.

74. Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Compensatory damages for mental anguish and emotional distress;

(iii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(iv.) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v) Certification of a Class Action pursuant to Fed.R.Civ.P. 23;

(vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vii) Spread-of-hours pay, liquidated damages and pre- and post-Judgment interest;

(ix) All attorneys' fees and costs incurred in prosecuting these claims; and

(x) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
October 9, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against NERI'S BAKERY PRODUCTS, INC., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_Ronald Medina_　　　　　　　_10/03/17_
RONALD MEDINA　　　　　　　Date